IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02651-PAB-CBS

RAMONA SMITH,

     Plaintiff,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT 12,

     Defendant.

_____

**ORDER**

_____

     This matter is before the Court on the Verified Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 5] filed by plaintiff Ramona Smith. Plaintiff requests an order requiring defendant[1] Cheyenne Mountain School District 12 ("the District") to fund private school placement for her son, R.S., or, in the alternative, to enroll R.S. at the Cheyenne Mountain Charter Academy for the pendency of administrative proceedings plaintiff has commenced under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. Docket No. 5 at 1-2. On October 15, 2014, the Court held a hearing on plaintiff's request for injunctive relief to enforce the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j). Plaintiff appeared at the hearing pro se. Both parties presented testimony and tendered exhibits. Although the hearing was originally scheduled to resolve only that portion of plaintiff's motion which sought a

_____

     [1]Although the caption on plaintiff's filings states "et al." after the District, *see, e.g.*, Docket No. 1 at 1, plaintiff has not named any other defendants in her complaint. Thus, all references to "defendant" are to Cheyenne Mountain School District 12.

temporary restraining order, *see* Docket No. 8, the parties agreed at the hearing to convert the hearing to one for a preliminary injunction.  For the reasons outlined at the October 15, 2014 hearing, the Court grants plaintiff's motion for a preliminary injunction in part.   Pursuant to Fed. R. Civ. P. 65(d), the Court makes the following findings.

R.S. has Autism Spectrum Disorder.  In 2013, plaintiff removed R.S. from enrollment in his school district of residence, the Falcon School District, and, pursuant to Colorado's school choice laws, enrolled R.S. in kindergarten at the Cheyenne Mountain Charter Academy ("CMCA"), a school within the Cheyenne Mountain School District.  Shortly after R.S.'s enrollment at CMCA, CMCA staff determined that the Individualized Education Program ("IEP") "developed while [R.S.] was in the Falcon School District . . . did not adequately identify the extent of his learning disabilities." Plaintiff Ex. 1 at 1, ¶ 2.  CMCA reevaluated R.S. and, on November 7, 2013, a new IEP was agreed upon.  *Id.* at 1, ¶¶ 2-3.  In May 2014, CMCA staff revised R.S.'s IEP (the "May 2014 IEP").  Plaintiff Ex. 2.  The May 2014 IEP lists CMCA as R.S.'s "School of Attendance."  *Id.* at 1.  Shortly thereafter, CMCA informed plaintiff that it was denying R.S. enrollment for the upcoming school year.  On July 16, 2014, plaintiff and her former husband filed a due process complaint with the Colorado Department of Education claiming that defendant committed procedural violations of the IDEA. Plaintiff's due process action is captioned as case number EA 2014-0018.  There is no dispute that the May 2014 IEP was the existing IEP at the time the due process complaint was filed.

Karen Higgins, the director of special education for the Cheyenne Mountain School District, testified at the preliminary injunction hearing that, were plaintiff to enroll

R.S. in the Falcon School District, the Falcon School District would have to review the May 2014 IEP to see if it would be able to implement the IEP as written and, if for any reason the Falcon School District could not implement the IEP, it would have to reconvene an IEP meeting or hold an evaluation.  Ms. Higgins also testified that most school districts in Colorado can provide special education services to students with autism, but did not offer any testimony on the specific special education capabilities of the Falcon School District.

Plaintiff filed a motion for a preliminary injunction in the due process proceeding seeking to enforce the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j).  The ALJ denied plaintiff's motion on August 8, 2014.  A final decision on the due process complaint has since issued.

Plaintiff filed the present case, which seeks the aforementioned relief under the stay-put provision.  Although not strictly styled as such, the Court construes plaintiff's complaint and the present motion as an appeal of the ALJ's adverse ruling on the stay-put issue.  The Court finds that it has jurisdiction over plaintiff's action to enforce the stay-put provision.  *See N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1111 (9th Cir. 2010) (holding that plaintiff was not required to exhaust the administrative process when asserting stay-put rights); *Murphy v. Arlington Central Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (upholding district court's exercise of jurisdiction over unexhausted stay-put claim).

The stay-put provision states:

Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall

3

remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j). The ALJ's decision on the stay-put issue did not determine R.S.'s current educational placement. However, it is important for purposes of the stay-put analysis to make this determination initially.[2] *See Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864-65 n.13 (3d Cir. 1996) ("[t]he relevant inquiry under [the stay-put provision] thus becomes the identification of 'the then current educational placement'"). The Tenth Circuit has recognized that a student's current educational placement can be determined by examining the "IEP in place when the stay-put provision is invoked" and any other relevant facts relevant to a student's current educational placement. *Erickson v. Albuquerque Pub. Schs.*, 199 F.3d 1116, 1121 (10th Cir. 1999). The stay-put provision is not construed so narrowly as to require that the student remain in the exact physical location where the student was receiving services, but schools are not permitted to "'make changes that may have a significant effect on a child's learning experience.'" *R.B. v. Mastery Charter Sch.*, 532 F. App'x 136, 141 (3d Cir. 2013) (unpublished) (quoting *DeLeon v. Susquehanna Cmty. Sch. Dist.*, 747 F.2d 149, 154 (3d. Cir. 1984)). The fact that the May 2014 IEP lists CMCA as R.S.'s school of attendance and the fact that R.S. attended only CMCA in the time leading up to the filing of the due process complaint indicates that CMCA is R.S.'s current educational

---

[2]On appeal, the standard of review in a IDEA case is referred to as a "modified de novo" standard, which requires the district court to "give 'due weight' to the hearing officer's findings of fact" *Sytsema ex rel. Sytsema v. Academy Sch. Dist. No. 20*, 538 F.3d 1306, 1311 (10th Cir. 2008) (quotations omitted). However, the ALJ's stay-put decision makes no findings of fact. Thus, there are no findings of fact to defer to.

placement for purposes of the stay-put provision. *See id.* at 140 ("[b]ecause R.B.'s IEP designates Mastery as her [local education agency], any decision by the school to remove R.B. from Mastery is contrary to her existing IEP [and] constitutes a change in placement").

Defendant argued that the stay-put provision did not require R.S. to continue his enrollment at CMCA because the Falcon School District could meet the educational requirements of the May 2014 IEP. However, the fact that R.S. may have had other educational options is irrelevant to a stay-put determination. *See R.B.*, 532 F. App'x 141 n.4 ("The relevant inquiry is not whether a child has educational options outside of [his] current placement, but whether forcing a child to utilize those options will significantly affect the child's learning experience."). Moreover, defendant failed to present sufficient evidence supporting its claim that the Falcon School District could meet R.S.'s needs. Based upon the evidence presented to the Court, to conclude that the Falcon School District could provide R.S. a free and appropriate public education as defined by the May 2014 IEP would be pure speculation. Defendant therefore failed to meet its burden of showing that R.S.'s current educational placement could be maintained by a facility other than CMCA. The administrative law judge's determination to place the burden on R.S.'s parents was in error. *See Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.*, 103 F.3d 545, 550 (7th Cir. 1996) ("because of the school district's failure to produce any placement alternatives, the district court had no other schools to evaluate or weigh against Kid's Peace"); *Eley v. District of Columbia*, --- F. Supp. 2d ----, 2014 WL 2507937, at *12 (D.D.C. June 4, 2014) (finding

that school district failed to show that proposed shift from new school constituted maintenance of student's current educational placement).  The Court therefore finds that R.S.'s current educational placement for purposes of EA 2014-0018 is CMCA.

Having determined R.S.'s current educational placement, the Court turns to the applicability of the stay-put provision.  A stay-put determination functions as an automatic statutory injunction, "requiring that the child's then-current educational placement be maintained 'at the expense of whatever public entity issued the IEP that is being challenged.'"  *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1252 n.13 (10th Cir. 2009) (quoting *Casey K. by Norman K. v. St. Anne Cmty. High Sch. Dist. No. 302*, 400 F.3d 508, 510-11 (7th Cir. 2005)).  Because the May 2014 IEP was in effect at the time plaintiff filed EA 2014-0018 and because the May 2014 IEP establishes R.S.'s current educational placement as CMCA, plaintiff is entitled to a preliminary injunction requiring defendant to maintain R.S.'s educational placement at CMCA for the pendency of EA 2014-0018.

Defendant did not request that plaintiff post a security bond pursuant to Fed. R. Civ. P. 65(c).  Because the stay-put provision seeks only to maintain the status quo, the Court finds no reason to require plaintiff to post a bond.  *See District of Columbia v. Vinyard*, 901 F. Supp. 2d 77, 91 (D.D.C. 2012) (finding that parents granted stay-put injunctive relief were not required to post a bond).

For the foregoing reasons and for the reasons stated at the hearing, it is

**ORDERED** that plaintiff's Verified Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 5] is **GRANTED** in part and **DENIED** in part.  It is

6

further

>    **ORDERED** that, pursuant to 20 U.S.C. § 1415(j), R.S.'s "current educational placement" for purposes of plaintiff's present due process complaint, EA 2014-0018, is the Cheyenne Mountain Charter Academy.  It is further

>    **ORDERED** that defendant Cheyenne Mountain School District 12 is required to maintain R.S.'s educational placement while EA 2014-0018 is pending.  If plaintiff chooses to seek judicial review of the ALJ's final decision in EA 2014-0018 pursuant to 20 U.S.C. § 1415(i)(2)(A), defendant is required to maintain R.S.'s current educational placement through the pendency of any civil action challenging the ALJ's decision, including through the pendency of any appeals.  *See Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036 (9th Cir. 2009) (holding that stay-put provision applies during appeal of district court decision to circuit court).  If plaintiff chooses not to seek judicial review of the ALJ's final decision in EA 2014-0018, defendant is required to maintain R.S.'s current educational placement for 90 days from the date of the ALJ's decision. *See* 20 U.S.C. § 1415(i)(2)(B).  It is further

>    **ORDERED** that, should the parties agree on an alternative educational placement during the pendency of an appeal, the parties must seek Court approval before removing R.S. from the Cheyenne Mountain Charter Academy.  It is further

>    **ORDERED** that plaintiff's Verified Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 5] is otherwise **DENIED**.

DATED October 17, 2014.

BY THE COURT:


  s/Philip A. Brimmer                                    
PHILIP A. BRIMMER
United States District Judge