IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02651-PAB-CBS

RAMONA SMITH,

    Plaintiff,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT 12,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Dismiss or In The Alternative Motion for Summary Judgment [Docket No. 11] filed by defendant Cheyenne Mountain School District 12. Defendant seeks the dismissal of plaintiff's complaint, arguing that plaintiff lacks standing to bring her claims and that her claims are barred by res judicata. Docket No. 11 at 1.[1]

The relevant background facts have been set forth elsewhere and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 59 at 1-4. This case arises under the "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j). On September 25, 2014, plaintiff filed a complaint [Docket No. 1] and motion for injunctive relief [Docket No. 5] seeking an order requiring defendant to fund private school placement for her son, R.S., or, in the

---

[1] Although defendant suggests that it may be appropriate to convert the present motion to a motion for summary judgment, the Court need not determine the propriety of such a suggestion. For the reasons discussed below, defendant's arguments fail regardless of whether they are considered under Fed. R. Civ. P. 12 or Rule 56.

alternative, to enroll R.S. at the Cheyenne Mountain Charter Academy ("CMCA") while she appeals the administrative decision regarding R.S.'s individualized education plan ("IEP"). Docket No. 5 at 1-2.

On October 15, 2014, the Court held a hearing on plaintiff's request for injunctive relief to enforce the stay-put provision. Docket No. 20. The Court ruled that, for purposes of plaintiff's due process complaint challenging the May 2014 IEP, R.S.'s then current educational placement was CMCA. Docket No. 21 at 7. As a result, the Court ruled that plaintiff was entitled to a preliminary injunction requiring defendant to maintain R.S.'s educational placement at CMCA for the pendency of the due process proceeding, including any appeal of the ALJ's decision on the merits. *Id.* Plaintiff's motion for a preliminary injunction was denied in all other respects. *Id.* at 7.

The Court turns to defendant's argument that plaintiff lacks standing to bring this case. Defendant argues that plaintiff lacks standing because "[i]t is clear that she is again seeking relief on behalf of her son, [R.S.], who is the real party in interest." Docket No. 11 at 3. Defendant's argument is without merit. In *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 521-22 (2007), the Supreme Court considered whether two parents proceeding pro se were the real parties in interest to an IDEA action they commenced in federal court. The Court concluded that

> IDEA, through its text and structure, creates in parents an independent stake not only in the procedures and costs implicated by this process but also in the substantive decisions to be made. We therefore conclude that IDEA does not differentiate . . . between the rights accorded to children and the rights accorded to parents. As a consequence, a parent may be a "party aggrieved" for purposes of § 1415(i)(2) with regard to "any matter" implicating these rights. The status of parents as parties is not limited to matters that relate to procedure and cost recovery.

*Id.* at 531 (citation omitted); *see also Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1244 (10th Cir. 2009); *Blanchard v. Morton Sch. Dist.*, 260 F. App'x 992, 994 (9th Cir. 2007) (holding that mother proceeding pro se had standing under the IDEA to bring action seeking review of administrative decision).

At the preliminary injunction hearing and in its brief in response to plaintiff's motion in limine, defendant conceded that *Winkelman* affirms a parent's right to appeal a due process decision. Docket No. 17 at 2-3. However, defendant appeared to argue that plaintiff was prohibited from mounting a challenge to the ALJ's stay-put ruling prior to filing a civil action challenging the ALJ's decision on the merits under § 1415(i)(2). For the reasons set forth in the Court's prior orders on the subject, defendant is mistaken and, moreover, such an argument does not provide any basis to conclude that *Winkelman* is inapplicable to this case. *See* Docket No. 21 at 3. Defendant does not otherwise attempt to distinguish *Winkelman*.

Although there appears to be little authority applying *Winkelman* in the stay-put context, the Supreme Court explicitly rejected the notion that a parent's IDEA rights were "limited to certain nonsubstantive matters" and declined to adopt an approach whereby the IDEA's provisions should be disentangled to determine whether "some rights adhere to both parent and child while others do not." *Winkelman*, 550 U.S. at 531-32. Rather, the Court held that "IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child." *Id.* at 533. In the absence of authority to the contrary and for the

reasons stated on the record at the preliminary injunction hearing, the Court concludes that plaintiff has standing to bring this case. See *Saki v. Hawaii*, 2008 WL 1912442, at *8 (D. Haw. April 30, 2008) (reaching merits of stay-put claim brought by mother individually and on behalf of child). Defendant's motion to dismiss this case for lack of standing is therefore denied.

Defendant argues that plaintiff's claims are barred by res judicata. Docket No. 11 at 5-6. Defendant appears to take the position that, because the ALJ decided the stay-put issue, plaintiff is prohibited from relitigating the issue in this Court. *Id.* at 6.[2] Defendant's argument rests on an incorrect premise. The key inquiry in a stay-put determination is a child's then current educational placement. See *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864-65 n.13 (3d Cir. 1996) ("[t]he relevant inquiry under [the stay-put provision] thus becomes the identification of 'the then current educational placement'"). As the Court noted in its order granting in part plaintiff's request for injunctive relief, the ALJ did not determine R.S.'s current educational placement and did not, as defendant claims, fully decide the stay-put issue. See Docket No. 21 at 4. Thus, it is not clear that the ALJ's ruling on plaintiff's stay-put request should be given preclusive effect. See *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (setting forth elements of res judicata

---

[2]To the extent defendant argues that plaintiff should not be permitted to litigate the merits of her due process complaint in this case, defendant misreads plaintiff's complaint. Plaintiff brings this case pursuant to § 1415(j) and does not in this complaint seek to challenge the ALJ's decision on the merits of her due process complaint. *See* Docket No. 1 at 1. Plaintiff has appealed the ALJ's decision on the merits of her due process complaint in a separate case. *See Smith v. Cheyenne Mountain Sch. Dist. 12*, No. 14-cv-3390-PAB-CBS.

4

defense). Moreover, courts routinely uphold a plaintiff's right to bring unexhausted stay-put claims in federal court, regardless of whether the stay-put issue has been ruled on in an administrative proceeding. *See Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 455 (2d Cir. 2015) ("an action alleging violation of the stay-put provision falls within one, if not more, of the enumerated exceptions to the IDEA's exhaustion requirement" (quotation omitted)); *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1111 (9th Cir. 2010) (holding that plaintiff was not required to exhaust the administrative process when asserting stay-put rights); *Murphy v. Arlington Central Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (upholding district court's exercise of jurisdiction over unexhausted stay-put claim). Although not strictly styled as such, plaintiff's stay-put claim seeks judicial review of the ALJ's stay-put ruling. To the extent defendant argues that plaintiff is precluded from challenging such a ruling, defendant's argument is without merit. *Murphy*, 297 F.3d at 199-200 ("an immediate appeal is necessary to give realistic protection to the claimed right" (quotation omitted)).

This order resolves all pending dispositive motions. Neither party has filed additional dispositive motions. Plaintiff has filed a separate action challenging the ALJ's final order on the merits of plaintiff's due process complaint. The preliminary injunction guarantees the maintenance of R.S.'s current educational placement through the pendency of that action and any appeals, which appears to be the full extent of injunctive relief plaintiff is entitled to under § 1415(j). It may therefore be appropriate to convert the preliminary injunction into a permanent injunction of identical terms, which

would allow final judgment to enter in this case.

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss or In The Alternative Motion for Summary Judgment [Docket No. 11] is **DENIED**.  It is further

**ORDERED** that, on or before September 15, 2015, defendant shall show cause why the preliminary injunction as set forth in Docket No. 21 should not be converted to a permanent injunction.  Plaintiff shall file a response on or before September 21, 2015.

DATED August 20, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge