IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02651-PAB-CBS

RAMONA SMITH,

    Plaintiff,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT 12,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on a review of the docket.

    The background facts have been set forth elsewhere and will not be restated here except as relevant to the present matter. *See* Docket No. 59 at 4. On July 16, 2014, plaintiff and her former husband filed a due process complaint with the Colorado Department of Education, captioned as case number EA 2014-0018, claiming that defendant committed procedural violations of the IDEA. Docket No. 33-1 at 28. Plaintiff filed a motion for a preliminary injunction in the due process proceeding, seeking to enforce the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j). *Id.* The ALJ denied plaintiff's motion on August 8, 2014. *Id.* at 32. On September 23, 2014, the ALJ dismissed plaintiff's due process complaint on the merits. Docket No. 11-1 at 22.

    On September 25, 2014, plaintiff filed a complaint [Docket No. 1] and motion for injunctive relief [Docket No. 5] seeking an order requiring defendant to fund private school placement for her son, R.S., or, in the alternative, to enroll R.S. at the Cheyenne

Mountain Charter Academy ("CMCA") for the pendency of the administrative proceedings. Docket No. 5 at 1-2. On October 15, 2014, the Court held a hearing on plaintiff's request for injunctive relief to enforce the stay-put provision. Docket No. 20. The Court ruled that plaintiff was entitled to a preliminary injunction requiring defendant to maintain R.S.'s educational placement at CMCA for the pendency of the due process proceeding in EA 2014-0018, including any appeal of the ALJ's decision on the merits. Docket No. 21 at 6-7. Plaintiff's motion for a preliminary injunction was denied in all other respects. *Id.* at 7.

On December 16, 2014, plaintiff filed a complaint challenging the ALJ's decision dismissing her due process complaint in EA 2014-0018. *Smith v. Cheyenne Mountain Sch. Dist. 12*, Case No. 14-cv-03390-PAB-CBS (Docket No. 1). On August 20, 2015, the Court issued an order [Docket No. 61] denying plaintiff's motion to dismiss. The Court stated:

> This order resolves all pending dispositive motions. Neither party has filed additional dispositive motions. Plaintiff has filed a separate action challenging the ALJ's final order on the merits of plaintiff's due process complaint. The preliminary injunction guarantees the maintenance of R.S.'s current educational placement through the pendency of that action and any appeals, which appears to be the full extent of injunctive relief plaintiff is entitled to under § 1415(j). It may therefore be appropriate to convert the preliminary injunction into a permanent injunction of identical terms, which would allow final judgment to enter in this case.

Docket No. 61 at 5-6. The Court ordered defendant to, on or before September 15, 2015, show cause why the preliminary injunction as set forth in Docket No. 21 should not be converted to a permanent injunction and ordered that plaintiff file any response on or before September 21, 2015. *Id.* at 6. Defendant did not respond to the Court's order to show cause and plaintiff has not raised any objection to converting the

preliminary injunction into a permanent injunction of identical terms. In light of the absence of any objection, the Court finds that the relief granted in Docket No. 21 constitutes the full extent of relief plaintiff is entitled to under 20 U.S.C. § 1415(j) and will therefore convert its preliminary injunction into a permanent injunction and close this case.

For the foregoing reasons and pursuant to Docket No. 21 and Docket No. 61, it is

**ORDERED** that the preliminary injunction set forth in Docket No. 21 is hereby converted to a permanent injunction. It is further

**ORDERED** that the following permanent injunction shall enter:

- Pursuant to 20 U.S.C. § 1415(j), R.S.'s "current educational placement" for purposes of plaintiff's present due process complaint, EA 2014-0018 and any subsequent judicial review of that complaint, is the Cheyenne Mountain Charter Academy.

- Defendant Cheyenne Mountain School District 12 is required to maintain R.S.'s educational placement while judicial review of EA 2014-0018 is pending, including during the pendency of *Smith v. Cheyenne Mountain Sch. Dist. 12*, Case No. 14-cv-03390-PAB-CBS. Defendant must maintain R.S.'s current educational placement through the pendency of any appeals of the Court's decision in 14-cv-03390 or until the deadline to file any appeal has passed, whichever is later. *See Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036 (9th Cir. 2009) (holding that stay-put provision applies during appeal of district court decision to circuit court).

- Should the parties agree on an alternative educational placement during the pendency of an appeal, the parties must seek Court approval before removing R.S. from the Cheyenne Mountain Charter Academy.

It is further

**ORDERED** that this case is closed.

DATED October 16, 2015.

                           BY THE COURT:

                           s/Philip A. Brimmer
                           PHILIP A. BRIMMER
                           United States District Judge